NicholsoN, C. J.,
delivered the opinion of the court.
Plaintiffs in error are the sureties of Dean as a constable of Monroe county. They were sued by McDaniel as administrator of Lillard, to recover $100 as damages for the failure of Dean, as constable, to return an execution in favor of McDaniel’s intestate for about twelve dollars. Judgment was rendered by the justice in favor of the plaintiffs below, and also in the Circuit Court on appeal. Several questions are raised here which we proceed to dispose of.
*532 1. It is said for plaintiffs in error that the execution, for the non-return of which damages are claimed was void, because it was issued by Summit as justice instead of by Montgomery, the justice who rendered the judgment. The proof shows that «Summit was sick on the day of trial, and on that account procured Montgomery, a justice in the same district, to try the cause. This was legal and proper; nor does the fact that Summit issued the execution render it either void or voidable.
2. It is said the justice of the peace had no jurisdiction of the case, because the penalty of the constable’s bond exceeded the amount of the justice’s jurisdiction. But the suit, although brought on the bond, was for $100, as damages for the breach of the constable’s bond. The Code, s. 772, recognizes the divisibility of the penalty of the bond, in holding the sureties responsible for breaches thereof by their principal. It is the am’ount of damages claimed which is the test of the justice’s jurisdiction, and not the penalty of the bond.
3. Plaintiffs in error offered evidence that when the execution was issued to the constable, the defendant therein was insolvent, and therefore that no damage resulted from its non-return. In the case of Webb v. Armstrong, 5 Hum., 380, this court held, that “the statute makes him liable for the amount of the judgment in terms, if he do not return the process, without reference to the solvency of the debtor, or the amount which was or might have been actually collected. It is the stern and rigid policy of the *533 law, adopted to correct a great and growing evil — the non-return of the process of execution; and the plaintiff makes out his casé fully and entirely, by showing the reception of the execution by the sheriff, and its non-return by him. The sheriff can not defend himself by showing that the debtor was insolvent,” &c. This was the holding in the case of a motion against a sheriff, and there is no reason for any difference in the rule when the suit is by summons. It is not for the constable to receive an execution, and after he has failed to discharge his duty by making proper return, then to excuse his breach of duty by showing that the debtor was insolvent.
We find no error in the judgment, and affirm it.